IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL CARL DEATER,          :
                              :
        Petitioner            :
                              :
    v.                        :     CIVIL NO. 4:14-CV-628
                              :
SUPERINTENDENT LAMAS,         :     (Judge Branned)
                              :
        Respondent            :

**MEMORANDUM**

April 22, 2015

**Background**

    Russell Carl Dater, an inmate presently confined at the Banner State Correctional Institution, Bellefonte, Pennsylvania initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Service of the petition was previously ordered.

    Deater entered a guilty plea to a charge of aggravated indecent assault in the Court of Common Pleas of Columbia County, Pennsylvania on June 5, 2008.  On that same day, Petitioner was sentenced to a five (5) to ten (10) year term of incarceration.  While there is no indication that a direct appeal was filed, Deater states that he sought seek collateral relief pursuant to Pennsylvania's Post

Conviction Relief Act (PCRA).[1]  See Doc. 1, ¶ 9.  Deater asserts that PCRA relief was denied by the sentencing court during 2011 and he acknowledges that the adverse outcome was appealed.

Petitioner further contends that he filed a second PCRA action in October, 2013 regarding:  the legality of his sentence; alleged ineffective assistance of counsel; and the validity of his guilty plea.  See id. at ¶ 11.  The Petition adds that the second PCRA was dismissed by the sentencing court without a hearing in December, 2013 and the Pennsylvania Superior Court refused to entertain his appeal.

Deater's pending action claims entitlement to federal habeas corpus relief on the grounds that the trial court erred by refusing to accept his timely request to withdraw his guilty plea.  See id. at ¶ 12, Ground One.  Petitioner also contends that he was improperly denied sentence credit by the sentencing court for time spent incarcerated in 2008.  See id. at Ground Two.  As relief, Petitioner requests that his guilty plea be vacated.

Respondent initially notes that Deater's sentence was amended on July 17,

---

[1] The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

2008 and November 12, 2008 to modify the credit time applied and the amount of restitution.  The Respondent adds that Petitioner did not file any post-sentence motions or a direct appeal but acknowledges that he did file two PCRA actions with the sentencing court.  See  Doc. 9, ¶ 12.  According to Respondent, the initial PCRA petition was filed on March 21, 2011 and was ultimately dismissed on April 23, 2012 as being untimely.  With respect to the second PCRA action, Respondent notes that it was filed on September 12, 2013 and that the Court of Common Pleas issued an order on December 10, 2013 expressing its intention to dismiss that matter as being untimely.  However, as of the filing of the response in this matter, no subsequent order was issued by the sentencing court and the second PCRA was still pending before the Court of Common Pleas.

Based upon the above chronology, the Respondent argues that this matter is time barred by 28 U.S.C. § 2244 (d).  See  Doc. 9, ¶ 18.  Petitioner has not filed a reply to the untimeliness argument.

**Discussion**

A § 2254 habeas corpus petition may be brought by a state prisoner who seeks to challenge either the fact or duration of his confinement in prison.  See Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973).  Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir.

2002). More recently, in <u>Suggs v. Bureau of Prisons</u>, Civil No. 08-3613, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

Respondent argues that because a direct appeal was not filed, Petitioner's habeas corpus action in order to be timely needed to be initiated within one year of December 12, 2008. Second, since Deater's initial PCRA action was filed 829 days after conclusion of the opportunity for direct appeal it was untimely and as such did not toll the running of the § 2244(d) statute of limitations.

In conclusion, Respondent contends that because this matter was not filed within one year of the expiration of the period for direct review in state court, it is untimely. <u>See</u> Doc. 9, p. 5. Although granted an opportunity to do so, Petitioner has not filed a reply addressing the untimeliness argument.

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with

> respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

The running of limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. However, the period during which a § 2254 applicant could have filed a petition for writ of certiorari with the United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007). Furthermore, the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones v. Morton, 195 F.3d. 153, 159 (3d Cir. 1999), citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

Deater's pending § 2254 petition is dated March 26, 2014,[2] and will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court.)

---

[2] See Doc. 1, p. 14.

It is undisputed that Petitioner's final amended sentence was imposed on November 12, 2008. Under Pennsylvania state law, Deater had thirty (30) days after imposition of the sentence in which to file a direct appeal. Pa. R. Crim. P. 720(A)(3). The undisputed record establishes that Petitioner did not pursue a direct appeal. Hence, Deater's conviction became final for purposes of § 2244(d) and the one (1) year limitations period began to run on December 13, 2008 when the thirty day period in which to file a direct appeal expired.

It is undisputed that Petitioner twice sought relief under the PCRA. The initially filed PCRA action was not filed until March 21, 2011, some 829 days after the conclusion of the period for seeking direct state court review and as such was determined to be untimely by the sentencing court. The § 2244(d) limitations period had already expired prior to submission of the initial PCRA action. Petitioner's pending arguments are also not based a newly recognized constitutional right which the United States Supreme Court has made retroactively applicable. See § 2244(d)(1)(C). Moreover, the factual predicate of Deater's pending claims was discoverable at the time his sentence was imposed. See id. at (D). There is also no indication that any State action impeded Petitioner's ability to seek federal habeas corpus relief. Pursuant to the above discussion, there is no basis for statutory tolling. Since this habeas corpus action was not initiated until March 26, 2014, more than five (5) years after the December 12, 2008 expiration

of the direct appeal period, it is clearly untimely.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In Jones, the court held that a finding of equitable tolling is proper only in "extraordinary" and "rare" circumstances. Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

"[M]iscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). In Johnson v. Hendricks, 314 F. 3d 159, 163 (3d Cir. 2002), the United States Court of Appeals for the Third Circuit reiterated that attorney error was not a sufficient basis for equitable tolling. Likewise, it has been established that the principles of equitable tolling do not extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990).

Based upon an application of the standards announced in Pace, Jones, and Fahy, there are no facts presented or apparent from the record which could

establish that Deater's failure to timely pursue his pending federal claims in state court was caused by being misled by the Commonwealth, or that pursuit of those arguments was otherwise prevented in some extraordinary fashion.  It is also noted that this is not a case where the Commonwealth allegedly failed to produce favorable evidence to a criminal defendant.  Based upon those factors, a viable basis for a finding of equitable tolling has not been established.

Since Petitioner has not established entitlement to either statutory or equitable tolling and his § 2254 petition was clearly filed well after the expiration of the § 2244(d) limitations period, this matter is clearly time barred and is precluded from consideration.

                                      BY THE COURT:

                                        s/Matthew W. Brann
                                      Matthew W. Brann
                                      United States District Judge